IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **JENNIFER M.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil No. TMD 20-2571 |
| **v.** | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| ***********| | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Jennifer M. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

I

**Background**

Plaintiff protectively filed applications for DIB and SSI on February 14, 2017, alleging disability beginning on March 9, 2016. R. at 10. After the Commissioner denied Plaintiff's claims initially and on reconsideration, she requested a hearing. R. at 10. On July 26, 2019, Administrative Law Judge ("ALJ") Paul R. Armstrong held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 32-70. The ALJ thereafter found on October 4, 2019, that Plaintiff was not disabled from March 9, 2016, through the date of the ALJ's decision. R. at 7-24. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since March 9, 2016, and that her degenerative disc disease, right hip degenerative joint disease, obesity, headaches, and syncope were severe impairments. R. at 12-14. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 14-15.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) where [Plaintiff] lifts or carries 10 pounds occasionally and five pounds frequently, stands or walks for two of eight hours during the workday, and sits for six of eight hours during the workday." R. at 15.[3] In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. §§ 404.1567(a), 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

2

work as an admitting officer. R. at 17-18. The ALJ found in the alternative that Plaintiff could perform other sedentary work in the national economy, such as a document preparer, telephone information clerk, or charge account clerk. R. at 18-19. The ALJ thus found that Plaintiff was not disabled from March 9, 2016, through October 4, 2019. R. at 19.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on September 4, 2020, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

5

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 11-20, ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 13. In particular, she argues that, among other things, the ALJ failed to address adequately her migraine headaches. *Id.* at 13-16. According to Plaintiff, the ALJ also failed to evaluate properly the opinions of Ajit Kurup, M.D., a consultative examiner. *Id.* at 18-20. Plaintiff also asserts that the ALJ erroneously evaluated her subjective complaints. *Id.* at 4-11. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff argues that the ALJ failed to evaluate properly the opinions of Dr. Kurup, a consultative examiner. Pl.'s Mem. Supp. Mot. Summ. J. 18-20, ECF No. 14-1. The ALJ stated in his decision:

> Dr. Ajit Kurup, MD, the Consultative Examiner, found that [Plaintiff] could lift less than 5 pounds with the bilateral upper extremities but could not hold onto objects for an extended time, could sit for 15 minutes and stand for about 15-20 minutes at a time, could walk for about 5-10 minutes, could not run, stoop or crawl, and was unable to do most activities and needs extensive

>assistance. These opinions are inconsistent with the findings of full strength and full range of motion in every area but the lumbar spine (limited to 80 degrees in all areas) that was found in the Consultative Examination.

R. at 17; *see* R. at 2567-71.

"For claims—like [Plaintiff's]—filed before March 27, 2017, the standards for evaluating medical opinion evidence are set forth in 20 C.F.R. § 404.1527." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017); *see* 20 C.F.R. §§ 404.1527, 416.927. "That regulation defines 'medical opinions' as 'statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.'" *Brown*, 873 F.3d at 255 (quoting 20 C.F.R. § 404.1527(a)(1)). "For purposes of the regulation, an 'acceptable medical source' includes a licensed physician or psychologist." *Id.* (citing 20 C.F.R. § 404.1502(a)). "The regulation provides that the ALJ 'will evaluate every medical opinion' presented to him, '[r]egardless of its source.'" *Id.* (alteration in original) (quoting 20 C.F.R. § 404.1527(c)). "Generally, however, more weight is given 'to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.'" *Id.* (quoting 20 C.F.R. § 404.1527(c)(1)).

"[T]he ALJ may accord a consultative examiner's opinion less weight when [it] is not well supported by medically acceptable clinical and laboratory diagnostic techniques or it is inconsistent with other substantial evidence of record." *Radford v. Saul*, 807 F. App'x 276, 277 (4th Cir. 2020) (per curiam) (citing 20 C.F.R. § 404.1527(c)(3)-(5) (2020)). ALJs must consider each of the following factors to determine the weight a medical opinion should be given: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other

factors that tend to support or contradict the medical opinion. 20 C.F.R. §§ 404.1527(c)(2)(i)-(6), 416.927(c)(2)(i)-(6). The first two of these factors are, of course, specific to treating sources, and the other factors "are used to determine the weight to be given to any medical opinion, whether from a treating or nontreating source." *Brown*, 873 F.3d at 256.

Plaintiff contends that substantial evidence does not support the ALJ's determination to discount Dr. Kurup's opinions because the ALJ failed to address any of the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. Pl.'s Mem. Supp. Mot. Summ. J. 20, ECF No. 14-1. Although it seems that the ALJ considered the consistency of Dr. Kurup's opinions with the record as a whole and the opinions' supportability (R. at 17), the ALJ apparently did not consider the doctor's specialization or other factors that tended to support or contradict the doctor's opinion, such as the doctor's understanding of disability programs and their evidentiary requirements and the extent of the doctor's familiarity with the other information in Plaintiff's case record. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). Defendant argues that Plaintiff "points to [no] evidence of specialization relevant to Dr. Karup's opinions that [the] ALJ should have considered but did not." Def.'s Mem. Supp. Mot. Summ. J. 12, ECF No. 15-1. "However, 20 C.F.R. § 404.1527(c) requires ALJs to consider *all* of the enumerated factors in deciding what weight to give to a medical opinion." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 n.16 (4th Cir. 2020). The ALJ's apparent failure to do so thus warrants remand.

Plaintiff also argues that the ALJ erroneously evaluated her subjective complaints by applying an improper standard in evaluating her pain. Pl.'s Mem. Supp. Mot. Summ. J. 4-7, ECF No. 14-1. The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029

10

> (Mar. 16, 2016).  First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.  At this step, objective evidence is *not* required to find the claimant disabled.  SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques."  Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas*, 983 F.3d at 95 (alteration in original) (citations omitted).  "However, while a lack of corroborating objective evidence may not be the *sole* reason an ALJ discounts a claimant's complaints, it is generally appropriate for an ALJ to consider inconsistencies between a claimant's complaints and the available objective evidence."  *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing 20 C.F.R. § 416.929).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  R. at 17.  As noted above, there does not need to be objective evidence of the claimant's pain itself or its intensity.  *Arakas*, 983 F.3d at 95.  Rather, the claimant is entitled to rely exclusively on subjective evidence to prove the second part of the test above.  *Id.*  In other words, "disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms."  *Id.* at 98.  "Thus, [the ALJ] 'improperly increased [Plaintiff's] burden of proof' by effectively requiring her subjective descriptions of her

11

symptoms to be supported by objective medical evidence." *Id.* at 96 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)). Moreover, to the extent that the ALJ stated that he considered other evidence, "ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record." *Id.* at 97. The Court thus remands on this ground as well.

Plaintiff also contends that the ALJ erred in relying on her activities of daily living and in failing to explain "how [her] minimal activities are inconsistent with [her] allegations, or how these minimal activities are consistent with the ability to perform light [sic] exertional-level work, eight hours per day, five days per week." Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 14-1. The ALJ found that Plaintiff "is still able to perform activities of daily living, as [she] reported sweeping, driving, shopping, paying bills, reading, drawing, and baking." R. at 17. "A claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities," however. *Arakas*, 983 F.3d at 101. Thus, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Plaintiff reported that she swept for five minutes once a day, drove very short distances, shopped monthly for ten minutes at a time and used an electric cart in the grocery store, did not handle banking because she had issues with memory and with tracking spending, read or drew for five minutes at a time, and did not bake. R. at 43-44, 259-61, 307-08. The ALJ here did not "explain how those activities showed that [Plaintiff] could sustain a full-time job" and could actually perform the tasks required by sedentary work. *Brown*, 873 F.3d at 269; *see Arakas*, 983 F.3d at 100. The Court remands this case also to afford the ALJ the opportunity to do so.

In sum, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis*, 858 F.3d at 868. Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. *See Testamark v. Berryhill*, 736 F. App'x 395, 399 n.2 (4th Cir. 2018) (per curiam). In any event, the ALJ also should address these other issues raised by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: October 20, 2021                                    /s/
                                               Thomas M. DiGirolamo
                                               United States Magistrate Judge